The plaintiff's wife, while sole, purchased of the defendant a slave; to secure the title of which, defendant gave a bill of sale, with warranty as to title. Upon the marriage, the slave passed into the possession of the husband, and the wife dies. An action is then brought against (288) the husband, and the slave recovered by one having superior title to defendant; and the plaintiff, in his own right, institutes the present action of covenant upon the warranty in the bill of sale to the wife; and the question is, Can he maintain it in his individual character?
It was a saying of Lord Kenyon that if cases and principles were at variance, the latter must be adhered to; and we think so, too. The general principles respecting the rights which a husband acquires by marriage seem to be as clearly laid down as any belonging to the law; and as regards her personal estate, that the marriage itself is an unqualified gift to the husband of all she is in possession of, whether he survive her or not. But as to such as he has not in possession, or as rests in action, as debts, contingent interests, and the like, or money due her on account of intestacy, the marriage gives them only qualifiedly, namely, upon condition he reduces them to possession during coverture; or, if she dies first, they go to her representative; if she survives, they belong to her. Co. Lit., 351 and note 1. The husband, it is true, is entitled to administration, *Page 223 
and as administrator may recover them. These rules never have been questioned; and all the decisions on this subject are professedly in accordance with them.
The slave, then, in the present case, being in possession of the wife, passed upon the marriage absolutely to the husband. But the covenant, which was a contingent and uncertain right, or, more properly, was inaction, remained to be asserted or not, according to its nature; and the wife having died before this right in action was reduced to possession, it is impossible, in the opinion of a majority of the Court, for the husband, consistently with the rule laid down, to maintain the action. If the marriage had the effect of transferring to the husband a complete legal right to the covenant, as has been contended, the representatives of the husband, if he were dead, could maintain the action, though the wife had survived the husband, and were alive. We can perceive no solid distinction between this and any other covenant with the wife, before marriage. Its relation to a piece of property which became legally and absolutely vested in the husband cannot affect (289) its essential quality as a chose in action, and that the husband can no more maintain the present action than any other person to whom the wife, while sole, might have sold or given the slave, the covenant being a mere personal contract, which abides with the parties or theirrepresentatives. [Quere of this?]
HENDERSON, J., and TAYLOR, C. J., dissented.